IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| AARON LEUTHE, | ) |
| | ) |
| | )  2:24-CV-00686-MJH |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CATHLEEN BUBASH, | ) |
| | ) |
| Defendant, | |

OPINION

Plaintiff, Aaron Leuthe, *pro se*, commenced this proceeding by filing a Motion to Proceed In Forma Pauperis (ECF No. 1) and attaching a Complaint (ECF No. 1-1), against Defendant, Cathleen Bubash, alleging violations of his civil rights under 42 U.S.C. § 1983.

Upon review of Plaintiff's Motion to Proceed In Forma Pauperis and attached Complaint (ECF No. 1), the Court will grant Plaintiff's Motion to Proceed in Forma Pauperis, but the Court will, sua sponte, dismiss Plaintiff's Complaint in accordance with 28 U.S.C. § 1915(e) and its inherent power to determine its jurisdiction under Fed. Pro. Civ. Pro. 12(h).

I.      Motion to Proceed In Forma Pauperis

First, the Court must determine whether a litigant is indigent within the meaning of 28 U.S.C. § 1915(a). Upon review of Plaintiff's Motion and his affidavit in support, the Court finds the Plaintiff is without sufficient funds to pay the required filing fee. Thus, he will be granted leave to proceed in forma pauperis, but the Court will proceed to screen Mr. Leuthe's Complaint pursuant to 28 U.S.C. § 1915(e) and its inherent power to determine its jurisdiction under Fed. R. Civ. P. 12(h)(3).

II.	Background

Mr. Leuthe alleges that Defendant, Cathleen Bubash, a state court judge ordered him to pay child support from his "federally protected" VA Disability benefits.  He claims monetary damages for mental and physical health and damages to the Parent/Child Relationship.

III.	Relevant Standards

28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if it is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. The Court must also review the pleadings and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). As Mr. Leuthe is proceeding pro se, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

IV.	Discussion

Upon careful review, the Complaint must be a dismissed for lack of subject matter jurisdiction and the status of the named defendant.

First, Mr. Leuthe's Complaint, regarding review of Judge Bubash's child support order, fails because it would necessitate this Court's review, reexamination, and/or rejection of state court rulings on child support questions.   This Court does not have subject matter jurisdiction

over such matters. The *Rooker–Feldman* doctrine compels federal district courts to decline invitations to conduct what amounts to appellate review of state trial court decisions.

As described by the Third Circuit:

> That doctrine takes its name from the two Supreme Court cases that gave rise to the doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The doctrine is derived from 28 U.S.C. § 1257 which states that "[f]inal judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court...." *See also Desi's Pizza, Inc. v. City of Wilkes Barre*, 321 F.3d 411, 419 (3d Cir.2003). "Since Congress has never conferred a similar power of review on the United States District Courts, the Supreme Court has inferred that Congress did not intend to empower District Courts to review state court decisions." *Desi's Pizza*, 321 F.3d at 419.

*Gary v. Braddock Cemetery*, 517 F.3d 195, 200 (3d. Cir.2008).   In short, the *Rooker–Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Turner v. Crawford Square Apartments III, LLP,* 449 F.3d 542, 547 (3d Cir.2006).  In particular, courts have applied the *Rooker–Feldman* doctrine to state domestic relations court rulings and held that it prevents federal judges from considering civil rights lawsuits. *Kwasnik v. Leblon*, 228 F. App'x 238, 242 (3d Cir.2007); *see, e.g.*, *Marran v. Marran*, 376 F.3d 143 (3d. Cir.2004); *Kwasnik,* 228 F. App'x 238, 242; *Smith v. Department of Human Services,* 198 F. App'x 227 (3d Cir.2006); *Rose v. County of York*, 2007 WL 136682 (E.D.Pa. Jan.12, 2007).  If the *Rooker-Feldman* doctrine applies, it deprives federal courts of subject-matter jurisdiction. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (alterations omitted) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)).

Here, Mr. Leuthe's Complaint invites this Court to set aside decisions rendered in a state court domestic relations case. Any disagreement with Judge Bubash's decision must be through state appellate avenues. Any action by this Court, in regard to any state court decision described in Mr. Leuthe's Complaint, is forbidden under the *Rooker–Feldman* doctrine. Accordingly, Mr. Leuthe's Complaint, as regard Judge Bubash's child support decision, will be dismissed for lack of subject matter jurisdiction.

Second, even if this Court could maintain jurisdiction, Mr. Leuthe's civil rights claims against the Judge Bubash otherwise fails because she is immune from suit. Judges are entitled to absolute immunity from civil rights claims seeking money damages that are based upon acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally ... 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.' " *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). The Complaint's allegations indicate that Judge Bubash's child support order against Mr. Leuthe was a judicial act where she

4

unquestionably had jurisdiction as a judge of the Court of Common Pleas.  Defendant is therefore entitled to absolute judicial immunity from any claim for damages.

Therefore, entirely aside from the jurisdictional flaw pursuant to *Rooker-Feldman*, Mr. Leuthe's action fails against Defendant Bubash because she is uniformly entitled to immunity from personal liability for her official actions in the state court judicial system.

Accordingly, Mr. Leuthe's claims under Section 1983 will be dismissed.

V.      Conclusion

Upon consideration of the foregoing, this Court will grant Mr. Leuthe's Motion to Proceed in Forma Pauperis (ECF No. 1).  The Clerk will be directed to file the Complaint (ECF No. 1-1).  Furthermore, upon review of Mr. Leuthe's Complaint, the Court, sua sponte, in accordance with 28 U.S.C. 1915 (e) finds that it lacks subject matter jurisdiction and/or the parties are otherwise immune from this suit.  Therefore, Mr. Leuthe's Complaint will be dismissed.  Because it is clear on the face of Mr. Leuthe's allegations that this Court would not have subject matter jurisdiction of this matter and that he would not be entitled to relief against the named party, no leave to amend will be granted.  A separate order will follow.

DATED this 22nd day of May, 2024.

BY THE COURT:

_____
MARILYN J. HORAN
United States Magistrate Judge